UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. Cr.-05-328 (RWR) |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §846 |
| | : | (Conspiracy to Distribute and Possess With |
| BURKE JOHNSON | : | Intent to Distribute CocaineBase) |
| | : | |
| Defendant. | : | |
| _____ | : | **UNDER SEAL** |

**GOVERNMENT'S MOTION FOR DEPARTURE FROM**
**GUIDELINE SENTENCE AND MANDATORY MINIMUM SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to find that the defendant, Burke Johnson, is entitled to the benefits of a sentencing departure as provided by Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. These provisions authorize the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be required by statute and the sentencing guidelines. The United States submits this motion based on the substantial assistance which the defendant has rendered in the investigation and prosecution of other persons.

I.  **Procedural and Factual Background**

On March 17, 2005, the defendant, Burke Johnson, was one of fifteen defendants charged in a 73-count indictment, charging among other things, participation in a narcotics conspiracy, as well as individual acts of drug-dealing and weapons possession, in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. §§ 922(g)(1), 924(c)(1), and other statutes.

Shortly after his arrest in this matter, the government engaged in several productive debriefings with Johnson during the summer of 2005.

On October 3, 2005, Mr. Johnson pled guilty to a one-count sealed information in accordance with a cooperation agreement charging him with conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. Sections 846 and 841(b)(a)(A)(iii).

In the proffer of evidence to which he agreed, Johnson admitted to, among other things, the following:

- From on or about 1988 and continuing up to on or about March 2005, Johnson knowingly and intentionally conspired and agreed with a number of persons known and unknown to the government, to distribute and possess with intent to distribute a mixture and substance containing fifty (50) grams or more of cocaine base, commonly known as crack cocaine.

- Johnson identified who his primary crack cocaine suppliers were throughout this time period. These various suppliers provided Johnson with various amounts of crack, usually in ounce form. Johnson would break down all of the crack cocaine he purchased from these suppliers and redistributed it in smaller amounts to co-conspirators, known and unknown to the government.

- During the course of the conspiracy, Johnson also distributed large wholesale quantities of cocaine base (*e.g.* half ounces (14 grams), ounces (28 grams), thirty-one's (31 grams), sixty-two's (62 grams), and eighth's (125 grams) of crack cocaine) to other members of the conspiracy, known and unknown to the government, who then redistributed the cocaine base at the retail level to other sellers and users of cocaine base located primarily in the Congress Park neighborhood of Southeast, Washington, D.C. Johnson also distributed smaller – but still wholesale – quantities of cocaine base (e.g. eight balls (3.5 grams) and quarter ounces (7 grams)) to members of the Congress Park Crew.

- Throughout his participation in the conspiracy, Johnson was responsible for the distribution of numerous kilograms of cocaine base (or crack cocaine) to other members of the conspiracy including but not limited to: Antwuan Ball, David Wilson, Gregory Bell, Joseph Langley, Jasmine Bell, Newett Ford, Phil Wallace, Desmond Thurston, and Mary McClendon. These co-conspirators then redistributed the crack cocaine to other members of the conspiracy as well as to

customers of the conspiracy, as well as other co-conspirators, known and unknown to the government.

The government concurs with the analysis of the Presentence Investigation ("PSI") report writer, Ms. Cave, who has concluded that pursuant to the Federal Sentencing Guidelines, the defendant faces a suggested guideline range of imprisonment of 292 to 365 months. See PSI at Paragraphs 22, 33, and 77.

## II. Nature and Extent of Cooperation

Mr. Johnson has provided the government with substantial assistance since his incarceration in this matter back in March of 2005.

As an initial matter, Johnson was one of the very first indicted defendants in this case to enter into a cooperation agreement. In addition to saving the government additional resources, this also put pressure on some other individuals to plead guilty and/or cooperate as well.

Indeed, Johnson began debriefing with the government very shortly after his arrest in March of 2005. From the first of these initial debriefings, Mr. Johnson came prepared and was forthright in his efforts to assist the government by providing truthful information. In fact, during one of the earlier debriefings – in June of 2005 – Johnson informed the government of an incident that had just occurred inside of D.C. Jail between two members of the charged Congress Park conspiracy of which the government was not yet aware. This incident involved one member of the charged Congress Park conspiracy, Desmond Thurston, attempting to pass a ziplock of heroin to another member of the conspiracy, David Wilson. A correctional officer intercepted the attempted transaction, which also involved a third-person, who was enlisted by Thurston to make the hand-off to Wilson. Johnson's account if this failed narcotics transaction was corroborated by both the correctional officer and the other third-party prisoner, who ended

up becoming a cooperating witness himself. The government ended up charging this incident in the superseding indictment in this case, because it constituted further evidence of the association between certain key members of the charged conspiracy in this case.

In addition to providing a great deal of useful information during his numerous debriefings, Mr. Johnson testified for the government on one occasion – in connection with the case of *United States v. Newett Ford*, Cr.-05-100 (RWR). Mr. Ford was one of the eighteen defendants indicted in the Congress Park case since March of 2005, and the first defendant to go to trial. The government tried Ford during a one-week trial in June of 2006. Mr. Ford was convicted of the narcotics conspiracy charged against him, and was ultimately sentenced by this Court to 262 months of incarceration. Mr. Ford's conviction and sentence were very significant in many respects, most notably the fact that it likely induced many of the other indicted defendants in this case to plead guilty short of trial. This ultimately saved the government a great deal of resources that it was able to conserve and use towards the trial of the final six (and more dangerous and prolific drug-dealers) Congress Park defendants.

The government's investigation has indicated that Mr. Johnson was not one of the violent members of the conspiracy. His role was primarily that of a source of crack cocaine supply (*i.e.* "wholesales") to other members of the narcotics conspiracy.

Mr. Johnson ultimately did not testify in the final Congress Park trial which took place last year. This was due to tactical reasons, having nothing to do with Mr. Johnson's credibility. Indeed, Johnson attended several "prep sessions" during the trial, in anticipation of him testifying.

In addition to the above cooperation, Mr. Johnson has exposed himself to safety risks as well.  Several members of the Congress Park crew  – most notably leader, Antwuan Ball  – have threatened witnesses who either had, or were planning, to testify for the government.

It is also worth noting that Mr. Johnson previously cooperated with the government in connection with a prior charge in the 1990s.  Specifically, Mr. Johnson received a sentence below what he otherwise would have by Judge Sporkin in connection with a federal distribution case in 1995 (see PSI at Paragraph 28).  Mr. Johnson provided helpful assistance to the FBI in connection with his efforts to "work off" that charge.  However, and as Mr. Johnson himself admits in his proffer in connection with this case, Mr. Johnson clearly returned to drug dealing in Congress Park after he completed his cooperation with the FBI in the 1990s.

On balance, Mr. Johnson has been a very cooperative and serious-minded cooperating witness, who has provided what the government has asked of him. His history of recidivism, coupled with his lapse back to drug dealing after cooperating with the government over 10 years ago, however, give the government some cause for concern.  Accordingly, the government respectfully recommends that Mr. Johnson receive a period of 6 years (72 months) of incarceration to be followed by five years of supervised release.

WHEREFORE, the Government respectfully requests that the Court impose a sentence below the applicable Sentencing Guideline range and below any applicable statutory mandatory minimum.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498-610

        _____

        GLENN S. LEON
        Assistant United States Attorney
        New York Bar
        555 4th Street, N.W., Room 4112
        Washington, DC  20530
        (202) 305-0174

**CERTIFICATE OF SERVICE**

    I HEREBY certify that a copy of the foregoing has been sent by first class mail to counsel for the defendant, Thomas J. Saunders, 10 N. Calvert Street,, Suite 715, Baltimore, MD 21202, this 28th day of March, 2008.

        _____

        Glenn S. Leon
        Assistant United States Attorney